# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    CV 12-08483 UA                    Date: October 9, 2012
                                              Page 1 of 3

Title:      Alexandria Housing Partners v. Alen Davidian, et al.

═══════════════════════════════════════════════════════════════════

DOCKET ENTRY:        **ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**

═══════════════════════════════════════════════════════════════════

PRESENT:

## HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

Jake Yerke                None                        None
Deputy Clerk              Court Reporter/Recorder      Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

## PROCEEDINGS: (IN CHAMBERS)

On September 10, 2012, Plaintiff Alexandria Housing Partners. L.P. ("Plaintiff") filed a verified complaint in the Los Angeles County Superior Court against Defendant Alen Davidian ("Defendant") and unidentified Does 1-10. (Notice Of Removal ("Notice"), Ex. A). The complaint for unlawful detainer alleged that Defendant, as a resident of a property owned by Plaintiff, had wrongfully refused to comply with Plaintiff's notice to vacate the premises and deliver possession of the property. (See id.).

On October 3, 2012, Defendant, appearing pro se, filed an application to remove the case to the United States District Court for the Central District of California. (Notice at 1-3). Defendant also requested to proceed in forma pauperis. (See Request To Proceed In Forma Pauperis at 1-2).

The procedure for removal pursuant to 28 U.S.C. § 1441 is set out in § 1446(a). "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." However, a defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. In re NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007). The subject matter jurisdiction of the federal courts is limited to those cases in which jurisdiction is authorized under either 28 U.S.C. § 1331 ("federal question" jurisdiction) or 28 U.S.C. § 1332 ("diversity" jurisdiction). Further, "[t]he party seeking removal has

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.    CV 12-08483 UA                                    Date: October 9, 2012
                                                             Page 2 of 3

Title:        Alexandria Housing Partners v. Alen Davidian, et al.

the burden of establishing federal jurisdiction." O'Halloran v. University of Washington, 856 F.2d 1375, 1380 (9th Cir. 1988).

Here, Defendant seeks removal on the sole basis of federal question jurisdiction. (See Civil Cover Sheet at 1). Defendant claims federal jurisdiction is proper because the action "arises under the laws of the United States." (Notice at 5). But Defendant has not alleged facts establishing the existence of a federal question.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 482, 107 S.Ct. 2425 (1987). To establish federal question jurisdiction under 28 U.S.C. § 1331, a party seeking removal must make it "apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000). Here, Defendant does not allege that federal law expressly gives rise to the instant action. As indicated by the complaint attached to Defendant's Notice, Defendant has been sued under Cal. Civ. Code § 1940 et seq. for unlawful detainer. Defendant's removal request is based on the single allegation that "[a]n essential element of Plaintiff's case is compliance with the Fair Debt Collection Practices Act" (FDCPA). (Notice at 2). But Defendant does not explain why this is so. Instead, Defendant claims that the Federal Debt Collection notice statute would have allowed Defendant to stop collection pending verification of the debt. (Notice at 4).

Defendant's notice-statute allegation appears to be a federal defense not on the face of the well-plead complaint. As such, it fails to confer federal question jurisdiction upon this Court. The ninth circuit has consistently explained that "'the existence of a defense based upon federal law is insufficient to support federal-question jurisdiction.'" Hall v. North American Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (quoting Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir.2002)); see also Botsford v. Blue Cross and Blue Shield of Montana, Inc., 314 F.3d 390, 393 (9th Cir. 2002) ("A federal defense to a state-law claim does not confer jurisdiction on a federal court. Thus, a plaintiff may generally avoid federal jurisdiction through artful pleading of solely state-law claims."); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) "[T]he existence of a defense based upon federal law is insufficient to support jurisdiction."). The cause of action at issue here arises under state law. Defendant has not satisfied his burden of establishing

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.      CV 12-08483 UA                      Date: October 9, 2012
                                                  Page 3 of 3

Title:        Alexandria Housing Partners v. Alen Davidian, et al.

---

federal question jurisdiction because he has not shown that a particular federal law is a "necessary element" of that state-law claim.

Further, because it appears that the Court lacks jurisdiction over this matter, it may be inappropriate to grant in forma pauperis status at this time.  See, e.g., Hupp v. Kurpinsky, 324 Fed. Appx. 623, 624, 2009 WL 1133132 (9th Cir. 2009) (holding that a district court did not abuse its discretion by denying in forma pauperis status due to a lack of federal jurisdiction); Tripati v. First Nat'l Bank & Trust, 821 F. 2d 1368, 1369 (9th Cir. 1987) (holding that a district court may deny in forma pauperis status at the outset if it appears from the face of the proposed complaint that the action is without merit).

In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  Defendant is therefore **ORDERED TO SHOW CAUSE** within **fourteen days** of the date of this order why his request to proceed in forma pauperis should not be denied and why this action should not be remanded to state court based upon a lack of subject matter jurisdiction.

**Defendant is expressly warned that failure to timely file a response and declaration responding to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Defendant and counsel for Plaintiff.

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk ___